(62 App. Div. 311.)

### LARNEY v. NEW YORK & H. R. CO. et al.

(Supreme Court, Appellate Division, First Department. June 21, 1901.)

1. RAILROADS—RIGHT OF WAY—PRESCRIPTION—VIADUCT—MEASURE OF DAMAGES.

Where a railroad company, having a prescriptive right to maintain a viaduct of certain dimensions in a certain portion of the street in front of plaintiff's premises, erected a structure higher than the one it was entitled to maintain, and covering a part of the street to which its prescriptive right did not attach, plaintiff was entitled to damages for the injury to her property occasioned by the part of the structure lying outside the portion of the street which the railroad had a right to use, and for the injury caused by that part of the new structure which was in excess of the old.

2. SAME—INJUNCTION—EXTENT.

Where defendant railroad company had acquired a prescriptive right to use a certain strip in the street in front of plaintiff's property for the purposes of their railroad, and erected a viaduct thereon larger than the one previously existing, and covering land to which its prescriptive right did not attach, plaintiff, while entitled to an injunction compelling defendant to remove that part of its structure built outside the strip it was entitled to use, was not entitled to have defendant restrained from using the part of the structure inside the strip to which it was entitled.

Appeal from special term, New York county.

Action by Anna C. Larney against the New York & Harlem Railroad Company and another. From a judgment in favor of plaintiff, defendants appeal. Modified.

Argued before HATCH, McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Ira A. Place, for appellants.
Joseph A. Flannery, for respondent.

McLAUGHLIN, J. This action was brought for an injunction against the maintenance and operation of defendants' railroad structure on Park avenue, in the city of New York, in front of the plaintiff's premises, and to recover damages for such maintenance and operation. It is unnecessary to state the facts, inasmuch as they are substantially the same, so far as the legal rights of the parties are concerned, as those in Birrell against these same defendants (41 App. Div. 506, 58 N. Y. Supp. 650), Conabeer against the same defendants (156 N. Y. 474, 51 N. E. 402), and Lewis against the same defendants (162 N. Y. 202, 56 N. E. 540). The defendants claim title to the strip of 24 feet through the center of Park avenue by condemnation proceedings taken against Benson in 1832, and the plaintiff by mesne conveyances from one Bruce, to whom Benson conveyed the premises now owned by the plaintiff by deed bearing date January 27, 1851. The defendants also claim title to the additional portion of the avenue occupied by them from 1873 to 1897 by prescription, they having used the same for railroad purposes. By the condemnation proceedings the Harlem Railroad Company, under the Birrell Case, supra, which follows the rule laid down in the Conabeer Case, supra, acquired a strip 24 feet wide in the center of Park ave-

nue, in front of the plaintiff's premises, with the right to enter upon, take, and use the same for all proper purposes incident to, or connected with, the operation of its railroad; and, as we held in that case, defendants could, for that purpose, place their tracks upon the surface of the street, depress them, as they did by legislative direction in 1872 (chapter 702), or place them upon a viaduct, as directed by the legislature in 1892 (chapter 339). And under the Lewis Case it was held that the defendants acquired a prescriptive right to occupy so much of the avenue as they used and occupied for railroad purposes from 1873 until February 16, 1897. "To the extent of this user by the defendants," says Judge Vann, "the plaintiff, through the acquiescence of herself and her grantors, had parted with her right when the present structure was erected. She could claim no damages on account of the old structure so long as it stood there. She could claim no damages on account of any new structure erected in the same place, within the same lines, and for the same purpose, which inflicted no more injury upon her property than the old one. She could raise no question except such as she could have raised had she given a deed expressly assenting to the erection of the old structure. Conabeer Case, supra. Had the new structure been no higher than the old, in front of her property, none of her rights would have been invaded, and she would have been entitled to relief." Lewis' Case, 162 N. Y. 224, 225, 56 N. E. 546.

The damages which the plaintiff has sustained by reason of the erection of the structure of which she now complains, and for which the defendants are liable, is the value of her easements of light, air, and access which have been impaired, or of which she has been deprived, by that part of the structure placed or erected upon the portion of the avenue lying outside of the 24-feet strip, and this only to the extent that the use to which it has been put by the erection of the steel viaduct thereon is in excess of or different from that to which it was subjected and used by defendants for railroad purposes from 1873 to 1897. This, as we understand it, is precisely the rule applied by the learned trial court in awarding the damages which he did. He found, as a fact, "that the said defendant railroad companies * * * acquired the right, without liability to the plaintiff, to have, maintain, and use their railroad and railroad structures as the same were maintained and used prior to February 16, 1897, and also to have, maintain, and use their railroad structure at any height which they might be authorized by the legislature of the state of New York, within the center 24 feet of Park avenue"; and that the steel viaduct erected by the defendants, "and the operation of trains thereon, are, and since February 16, 1897, have been, a continuous trespass upon the plaintiff's easements of light and air appurtenant to her said premises, and solely in consequence of said trespass, and aside from any other causes, the rentable or usable value of said premises had depreciated from said date down to May 22, 1900, in the sum of $300 below what said rental value would have been during said period, if the defendants' railroad structure had been erected only within the center 24 feet of Park avenue in front of plaintiff's premises, and the fee value * * * had been * * * depreciated in the sum of

$1,000 below what said fee value would have been on said date if defendant's railroad structure had been erected within the center 24 feet of Park avenue in front of plaintiff's premises; * * * that the said sums awarded as damages are exclusive of any damage that would have been occasioned to plaintiff's premises by the maintenance and use of defendants' railroad and structure had there been no change in the same, or had the viaduct structure been confined within the center 24 feet, at its present height, in said Park avenue, for which damages so resulting from the maintenance and operation of said railroad structure, as aforesaid, defendants are not liable by reason of the proceedings taken by the defendant the New York & Harlem Railroad Company, terminating in a final order dated on or about January 28, 1832." The judgment entered provided, among other things, that the defendants "be enjoined from maintaining, or in any way using, that part of their elevated structure and its appurtenances within the center 24 feet of Park avenue in front of plaintiff's premises, * * * and be further enjoined to take down and remove that part of the same standing outside of said 24-feet strip from in front of said premises."

The rule of damages is the correct one, under the cases cited and the findings made. The injunction, however, is too broad. The defendants having the right to erect, maintain, and use a structure for the purposes of their railroad, at any height they see fit, upon the 24-foot strip, cannot be enjoined from exercising their legal rights in this respect, and therefore that portion of the judgment which enjoins them from using that portion of their structure should be stricken out. We have examined the other questions raised by the appellants, but find no error in any of them which would justify a reversal of the judgment.

The judgment appealed from, therefore, must be modified as indicated, and as thus modified it is affirmed, without costs to either party.

O'BRIEN, INGRAHAM, HATCH, and LAUGHLIN, JJ., concur in result.